**\*\*E-filed 4/4/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CINDY RAY,

        Plaintiff,

v.

INNOVATIVE SURGERIES INVESTIGATIVE SOLUTIONS HOLDINGS, LLC,

        Defendant.

No. C 11-6603 RS

**ORDER IMPOSING TEMPORARY STAY ON SERVICE OF SUBPOENA AND REFERRING DISCOVERY DISPUTES TO A MAGISTRATE JUDGE**

Plaintiff has filed what she terms an "ex parte motion" to quash a subpoena that she asserts defendant intends to serve on her former employer immediately following the initial Case Management Conference in this action, which is scheduled to be held on April 5, 2012.[1] Without deciding the ultimate issue of whether service of such a subpoena at this or some future time would be appropriate, it appears that plaintiff's arguments should at least be heard, and that there is no

---

[1] This district uses the term "ex parte" in its strict sense to refer to a "motion filed without notice to opposing party." Civil Local Rule 7-10. Ex parte motions are permissible only where authorized by statute, Federal Rule, local rule or Standing Order. *Id.* To justify what she believed was an ex parte motion, plaintiff quotes inapplicable language from the Federal Rules of *Criminal* Procedure, which she misidentifies as a provision of the Federal Rules of Civil Procedure. Because plaintiff filed her motion through the ECF system, however, it was automatically served on defendant and was therefore *not* an ex parte motion within the meaning of the local rules. When a party seeks relief on an expedited basis, the appropriate procedure is to accompany the motion with a request under Civil Local Rule 6-3 to shorten time. Plaintiff's "ex parte" motion will be deemed to be such a request in this instance.

particular urgency requiring immediate service of the subpoena. Accordingly, good cause appearing, it is ordered that defendant shall refrain from serving the subpoena pending further order. Pursuant to Northern District Local Rule 72-1, the Court hereby refers plaintiff's motion and any further discovery disputes in this matter to a randomly assigned Magistrate Judge for resolution. Plaintiff shall re-notice the motion for hearing before the Magistrate Judge pursuant to the local rules and any standing orders or procedures of the Magistrate Judge upon assignment.

IT IS SO ORDERED.

Dated: 4/4/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE